UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. WALTER RIVAS-MEDINA, Defendant. | CRIM CASE NO. 12cr276WQH<br>CIVIL CASE NO. 13cv107WQH<br>**ORDER** |
|---|---|

HAYES, Judge:

The matters before the court are: 1) Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 32) and 2) Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 36).

Defendant moves the court to set aside his sentence on the grounds of ineffective assistance of counsel. Defendant contends that his counsel failed to review the Presentence Report with him prior to sentencing and failed to correct false information in the Presentence Report stating that he used a firearm in a prior attempted robbery conviction. Defendant asserts that he was charged with use of a baseball bat and did not use a firearm in the prior conviction. Defendant asserts in the second motion that he cannot be housed in a minimum security facility or a Community Correctional Center because of his deportation status.

The Government agrees that the Presentence Report incorrectly stated that the Defendant used a firearm in the 1993 attempted robbery conviction. The Government

contends that the Defendant cannot establish that the sentence would have been different in this case because Defendant used a deadly weapon to commit the attempted robbery. The Government contends that defense counsel informed the Court at the sentencing that he had reviewed the Presentence Report with the Defendant and the Defendant did not state differently when given an opportunity to address the Court.

## BACKGROUND FACTS

On January 24, 2102, Defendant waived indictment and agreed to allow the United States to file an Information charging him with one count of attempted reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

On February 23, 2012, Defendant entered a plea of guilty pursuant to a Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

On April 30, 2012, the Presentence Report was prepared and submitted to the Court. The Presentence Report found that the total offense level was 19 and the Criminal History Category was VI resulting in a advisory guideline range was 63 to 78 months and recommended a sentence of 63 months. The Presentence Report concluded that the Defendant had seventeen criminal history points. The report detailed the Defendant's criminal history including a conviction in 1993 for Attempted Robbery resulting from an armed attempted car jacking.

On May 29, 2012, the Government filed a Sentencing Summary Chart recommending a sentence of 63 months.

On July 24, 2012, Counsel for the Defendant filed a Motion for Downward Departure and a Sentencing Memorandum requesting a downward departure.

On July 31, 2012, the Court held a sentencing hearing and sentenced the Defendant to a term of 63 months.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**RULING OF THE COURT**

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (ECF No. 17 at 9). In exchange for the Government's concessions in the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." *Id.* This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).

At the time of sentencing, the Government recommended an adjusted offense level of 19 and a resulting guideline range of 63-78 months. (ECF No. 23). The Government recommended a sentence of 63 months. *Id.* The Court imposed a sentence of 63 months. (ECF No. 31 at 2). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (ECF No. 17 at 9).

An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made. *See United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) ("A defendant's waiver of appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if

the waiver was knowingly and voluntarily made."). In this case, the record of the plea colloquy and the sentencing hearing show that waiver was knowing and voluntary. Defendant entered into a written Plea Agreement with the advice of counsel and represented that the plea was knowingly and voluntarily made, that he understood the Plea Agreement and that he was satisfied with the representation of his counsel. (ECF No. 17). Defendant initialed each page of the Plea Agreement and signed the last page of the Plea Agreement under penalty of perjury. *Id.* at 11.[1] At the plea colloquy, the Magistrate Judge thoroughly reviewed the Plea Agreement in all aspects. The Magistrate Judge specifically advised Defendant that he was giving up his right to appeal or collaterally attack his conviction and sentence. Defendant indicated on the record that he understood the rights that he was giving up. The Magistrate Judge found that the guilty plea was knowing and voluntary. (ECF No. 45-8). Defendant filed no objections to the recommendation of the Magistrate Judge and this Court accepted the guilty plea. (ECF No. 20). At sentencing, this Court confirmed with defense counsel that Petitioner had waived his right to appeal his sentence." (ECF No. 47-14). The waiver of collateral attack is enforceable and Defendant waived his right to collaterally attack the sentence imposed "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." (ECF No. 17 at 9).

Ineffective assistance of counsel

Petitioner alleges that his counsel was ineffective on the grounds that counsel did not review the Presentence Report with him and that he failed to object to inaccuracies in the Presentence Report which resulted in an erroneous sentence. The Government contends the Defendant cannot show that the error in the Presentence Report resulted in prejudice.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness,

---

[1] The last page indicated that the agreement was translated for the Defendant on February 22, 2012.

and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir 2002) (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687. To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**Objective standard of reasonableness**

In this case, Counsel on behalf of the Defendant did not object to any facts in the Presentence Report. At the sentencing hearing, the Court asked defense counsel whether he "had an opportunity to review and discuss the Presentence Report with [his] client?' And defense counsel answered "Yes, you honor." (ECF No. 45-14 at 2). The Court asked "Is it correct to say that there were no objections filed to the presentence

1  report?" and defense counsel answered "Correct, your honor." *Id.*

2  The facts in the record show that there was a significant factual error in the Presentence Report. In the description of the Defendant's 1993 conviction for Attempted Robbery w/Use of a Firearm, the Presentence Report detailed an armed attempted car jacking incident. The Presentence Report stated that the Defendant holding a rifle and pointing it at the victim accompanied by several other individuals holding baseball bats, demanded that the victim get out of the car. The Presentence Report stated that the victim positively identified the Defendant as the person who approached his vehicle holding a rifle.

10  The Government's investigation of the facts now shows that the Defendant was charged with "using a baseball bat" and was not the person who approached the victim's vehicle holding a rifle. Upon investigation, Counsel for the Government discovered that the charging documents in the case indicates that it was another defendant Felix Galvan who used the firearm and that this Defendant Walter Antonio Medina used a baseball bat. No objection was made. The existence of this material error lends credibility to Defendant's assertion that defense counsel failed to reviewed the Presentence Report with the Defendant prior to the sentencing hearing. The Court concludes that the Defendant has identified a material and specific error in representation that falls outside the wide range of professionally competent assistance.

**Prejudice**

At the time that the Court imposed sentence, the Court stated in part:

> The defendant also has a significant criminal history. He has one conviction from 1992 that does not score, a ... taking of a motor vehicle for which he received 365 days in custody and probation in 1992 when he was 18. The attempted robbery with use of firearm, the facts of that case are somewhat aggravated in that the victim advised that he was approached by somebody – by men with bats and a gun and that the victim did positively identify the defendant as the person who approached his vehicle holding a rifle.

(ECF No. 45-14 at 6). The Court concluded that a sentence of 63 months is the minimum sentence necessary under the facts of the case.

While the use of baseball bat in the prior offense is an aggravating circumstance,

- 6 -

the Court concludes that facts in the record raise a probability sufficient to undermine confidence in the outcome that the sentence imposed would have been different had the factual error in the Presentence Report been brought to the attention of the Court. *See Strickland*, 466 U.S. at 69. ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

## CONCLUSION

The Court concludes that defense counsel's deficient representation entitles the Defendant to resentencing. *See United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005).

IT IS HEREBY ORDERED that the Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 32) is granted and Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 36) is denied.

IT IS FURTHER ORDERED as follows:

1) the Judgment entered on July 31, 2012 is vacated and the Government shall writ the Defendant back to this district;

2) the Probation Office shall prepare and file a new presentence report by July 31, 2013 and any objections shall be filed by August 14, 2013;

3) the Court appoints Martin Molina as new counsel for the Defendant under the Criminal Justice Act;

4) resentencing is set for August 26, 2013 at 9am.

DATED: June 5, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge